IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENT WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-1161-F |
| ) | [WO] |
| ) | |
| ELAINE KIRBY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Brent Willis ["Willis"] challenges the constitutionality of his incarceration in the Opelika City Jail. Willis seeks monetary damages and the termination of his sentence.

After a thorough review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**FACTS**

On October 10, 2005, a state court sentenced Willis to 215 days imprisonment. Willis complains that he is "stuck with these days" despite his appeal. *Plaintiff's Complaint* at 2.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

He asserts that the defendants have "tamper[ed] with due process" as they have "yet to abandon[] the prosecution, discharge me and terminate the bond." *Id*.

## DISCUSSION

Willis complains that his incarceration in the Opelika City Jail pursuant to the sentence imposed upon him on October 10, 2005 is illegal. This claim goes to the fundamental legality of the plaintiff's confinement, and, consequently, provides no basis for relief at this time pursuant to § 1983. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint challenges the constitutionality of a sentence imposed upon Willis on October 10, 2005 by a court located in Lee County, Alabama. A judgment in favor of Willis in this cause of action would necessarily imply the invalidity of this sentence and his confinement pursuant to this sentence. It is clear from the complaint that the sentence about which Willis complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's confinement in the Opelika City Jail is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the

3

validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is therefore subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before December 27, 2005 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2005.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE